UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LARRY THOMAS, JR.** <br>     **LA. DOC #452223** <br> **VS.** | **CIVIL ACTION NO. 5:12-cv-2207** <br><br> **SECTION P** <br><br> **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Larry Thomas, Jr. filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 17, 2012. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He attacks his 2006 conviction for armed robbery and the 50 year sentence imposed by the First Judicial District Court, Caddo Parish following his adjudication as a second offender. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On August 30, 2006, petitioner was convicted of armed robbery; thereafter, he was adjudicated a second offender and sentenced to serve 50 years at hard labor. [Doc. 5, ¶ 1-7; Doc. 1-2, p. 1] At the sentencing hearing, petitioner discovered for the first time that a plea offer of 8 years had been made and rejected by his trial counsel. [Doc. 5-1; Doc. 1-2, p. 9; Doc. 9, pp. 61-66]

He appealed his conviction and sentence to the Second Circuit Court of Appeals. [Doc. 9,

pp. 81-95] His conviction and sentence were affirmed on direct appeal by the Second Circuit Court of Appeal on August 15, 2007, and Notice of Judgment was sent to petitioner and his attorney on that day. *State of Louisiana v. Larry Thomas, Jr.*, 42,322 (La. App. 2 Cir. 8/15/2007), 962 So.2d 1119; see also Doc. 9, pp. 69-81.

Petitioner filed a pro se application for writs in the Louisiana Supreme Court. The pleading was post-marked January 8, 2008. [Doc. 9, p. 67] It was received and filed shortly thereafter and assigned Docket Number 2008-KH-316. Writs were denied on October 24, 2008. *State of Louisiana ex rel. Larry Thomas v. State of Louisiana*, 2008-0316 (La. 10/24/2008), 992 So.2d 1031. [Doc. 9, p. 68] He did not seek further direct review in the United States Supreme Court. [Doc. 5, ¶9(h)]

On May 29, 2009 petitioner filed a *pro se* application for post-conviction relief in the First Judicial District Court raising a single claim of ineffective assistance of counsel based on counsel's failure to advise him of an 8 year plea offer that had been made by the State prior to trial. [Doc. 1-2; Doc. 9, pp. 35-60] On February 8, 2011, his application was denied by the trial court. [Doc. 9, pp. 31-34] His application for writs [Doc. 9, pp. 18-30] was denied by the Second Circuit Court of Appeals on December 1, 2011. *State of Louisiana v. Larry Thomas, Jr.*, No. 47,035-KH [Doc. 1-3, p. 2; Doc. 9, p. 17] He sought writs in the Louisiana Supreme Court. [Doc. 9, pp. 3-16] The Supreme Court denied writs on July 27, 2012. *State of Louisiana ex rel. Larry Thomas, Jr. vs. State of Louisiana*, 2011-2758 (La. 7/27/2012), 93 So.2d 599. [Doc. 9, p. 2]

Petitioner's unsigned and undated petition, memorandum, and exhibits was mailed on August 16, 2012 [Doc. 1, p. 9] and received and filed on August 17, 2012.

*Law and Analysis*

*1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

Petitioner appealed his conviction to the Second Circuit Court of Appeals. On August 15, 2007, his conviction and sentence were affirmed and notice of judgment was sent to petitioner and his appellate counsel. *State of Louisiana v. Larry Thomas, Jr.*, 42,322 (La. App. 2 Cir. 8/15/2007), 962 So.2d 1119; see also Doc. 9, pp. 69-81.

Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Second Circuit's mailing of notice of judgment within which to petition the Supreme Court for further direct review, or until on or about September 15, 2007. However, according to evidence submitted by the petitioner, he did not mail his *pro se* writ application to the Louisiana Supreme Court until January 8, 2008 [Doc. 9, p. 67] and by that time the 30-day filing limit established by the Supreme Court's rule had long expired. Therefore, petitioner's judgment of conviction "... became final by ... expiration of the time for seeking [further direct] review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on September 15, 2007. *Compare Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court.") Furthermore, it does not appear that petitioner either sought an extension of time from the Supreme Court, or permission to file an out-of-time writ application. *Compare Gilmore v. Baronne Development, LLC*, 2001-1104 (La. 5/4/2001), 791 So.2d 647; *see also Butler*, 533 F.3d at 319 (" ... there is no indication that the

state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588 (E.D.La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte* extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249 Fed.Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis). We conclude that the Louisiana Supreme Court found Butler's application for further review of his conviction to be untimely.")

Thereafter, since petitioner's judgment of conviction became final under the AEDPA on September 15, 2007, petitioner had 1-year, or until September 15, 2008, to file his federal *habeas corpus* petition. He filed an application for post-conviction relief on May 29, 2009 [Doc. 9, pp. 35-60]; however, by the time he filed that application, the one-year period of limitation established by the AEDPA had already long expired, and, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

In short, the available evidence establishes that petitioner's judgment of conviction became final under the AEDPA when he failed to perfect his writ application to the Louisiana Supreme Court within the 30 day period of limitations established by Rule X. Petitioner had one year from that date, or until September 15, 2008, to file his federal petition. He cannot rely on the

5

tolling provisions of §2244(d)(2) because by the time he filed his application for post-conviction relief, the limitations period had long expired. His federal *habeas* petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

Of course, this is a Report and Recommendation and not a final judgment. To the extent that petitioner disagrees with the calculations set forth above, he is encouraged to submit evidence and argument to support his implied assertion that his *habeas* petition was timely filed. This recommendation is based on the available evidence which indicates that petitioner's application for *certiorari* on direct review was filed beyond the time limit established by Louisiana Supreme Court Rule X, §5(a). If petitioner has evidence to establish that his application was in fact timely, or if he has evidence to establish that he was granted an extension of time within which to seek further direct review, he should produce that evidence and argument in support of such claim within the time set forth below.

## *2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."
*Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and he is encouraged to provide evidence and argument to support any claim of equitable tolling.

### 3. *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).[2]

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, April 26, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation period. SHOULD HE OBJECT, HE IS SPECIFICALLY DIRECTED TO PROVIDE EVIDENCE TO SUPPORT THE NOTION THAT HIS APPLICATION FOR *CERTIORARI* ON DIRECT APPEAL WAS EITHER TIMELY FILED, OR THAT HE WAS AFFORDED AN EXTENSION OF TIME WITHIN WHICH TO FILE BY THE LOUISIANA SUPREME COURT. HE IS ALSO ENCOURAGED TO PROVIDE SUCH EVIDENCE AS IS AVAILABLE TO ESTABLISH HIS ENTITLEMENT TO EQUITABLE TOLLING.**