UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LARRY THOMAS, JR.** | **CIVIL ACTION NO. 5:12-cv-2207** |
|     **LA. DOC #452223** | |
| **VS.** | **SECTION P** |
| | **JUDGE TOM STAGG** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

*Pro se* petitioner Larry Thomas, Jr. filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 17, 2012. Petitioner attacks his 2006 conviction for armed robbery and the 50 year sentence imposed by the First Judicial District Court, Caddo Parish following his adjudication as a second offender.

On April 26, 2013 the undersigned recommended dismissal of the petition with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d). In so doing, the undersigned relied upon the record submitted by petitioner which established the following chronology:

1. Petitioner's conviction and sentence were affirmed on direct appeal by the Second Circuit Court of Appeal on August 15, 2007, and Notice of Judgment was sent to petitioner and his attorney on that day. *State of Louisiana v. Larry Thomas, Jr.*, 42,322 (La. App. 2 Cir. 8/15/2007), 962 So.2d 1119; see also Doc. 9, pp. 69-81.

2. Petitioner filed a *pro se* application for writs in the Louisiana Supreme Court which was post-marked January 8, 2008. [Doc. 9, p. 67] It was received and filed shortly thereafter and assigned Docket Number 2008-KH-316. *State of Louisiana ex rel. Larry Thomas v. State of Louisiana*, 2008-0316 (La. 10/24/2008), 992 So.2d 1031. [Doc. 9, p. 68]

3. Petitioner filed a *pro se* application for post-conviction relief in the First Judicial District Court on May 29, 2009.

Citing *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008), the undersigned then concluded that "... petitioner's judgment of conviction '... became final by ... expiration of the time for seeking [further direct] review...' under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on September 15, 2007... " and thereafter, more than 1-year elapsed before petitioner filed his otherwise timely application for post-conviction relief on May 29, 2009. [Doc. 10]

On May 8, 2013, petitioner lodged an objection to the Report and Recommendation and provided, for the first time, a copy of what purports to be the application for writs filed in the Louisiana Supreme Court on direct review.[1] The document was dated August 30, 2007, and thus proffered by petitioner to establish that his writ application on direct review was timely filed. [Doc. 11-1]

Petitioner did not, however, explain how a pleading dated August 30, 2007, came to be post-marked and mailed on January 8, 2008.  Accordingly, on August 13, 2013, he was ordered to amend his petition again to provide, "A copy of the prison mail log or such other evidence as is available to establish the **DATE** petitioner submitted his writ application in Docket No. 2008-KH-316 to prison authorities for mailing to the Supreme Court; and,  [a] copy of any

---

[1] On January 24, 2013, the undersigned ordered petitioner to provide among other things, "A **DATED** copy of the writ application filed in the Louisiana Supreme Court on Direct Review under Docket Number 2008-0316..." [Doc. 8] Petitioner responded to that order on February 20, 2013, but did not provide a copy, much less a dated copy of the writ application. [Doc. 9] Indeed, the only evidence submitted initially to establish the date of filing was the Supreme Court's writ filing notice referred to above. [Doc. 9, p. 67]

correspondence received from the petitioner's appellate counsel following the receipt of Notice of Judgment and the affirmation of his conviction and sentence by the Second Circuit Court of Appeals on August 15, 2007." He was also directed to explain "... why his pleading, purportedly signed on August 30, 2007, was not mailed until January 8, 2008." [Doc. 14]

    On August 26, 2013, petitioner responded to the amend order. He submitted correspondence addressed to him from the Louisiana Supreme Court's Central Staff dated November 20, 2007. That correspondence, a form letter addressed to petitioner at the Louisiana State Penitentiary, references and responds to petitioner's "letter of September 4, 2007." The form indicates that petitioner's papers, submitted on September 4, 2007, were being <u>returned unfiled</u> with the following notation, "We cannot evaluate your complaints unless you furnish us with the required documentation including a copy of the district court and court of appeals judgments of which you complain, along with any of your filings made in connection with them (such as your application for post-conviction relief filed in the district court...) Also, if you have not yet applied for relief at the district court and court of appeal, you should do so before returning to this Court." [Doc. 15-1] In the cover letter accompanying this exhibit petitioner contends that the pleading dated August 30, 2007 [Doc. 11-1] was the document mailed to the Supreme Court on September 4, 2007, and returned unfiled on November 20, 2007, by the Supreme Court's Central Staff. According to petitioner, upon receipt of the correspondence, (presumably sometime after November 20, 2007) he made the necessary corrections and filed his writ application with the Supreme Court in documents, which as previously shown, were post-marked January 8, 2008. According to petitioner, "... all I can urge[ ] for consideration by this court is that the initial writ filing was in compliance with Louisiana Supreme Court Rule X, and

that the Louisiana Supreme Court did not place on me a time line in which to have returned the corrected writ application.  In spite of all, I was expedient as possible with gather (sic) what I could and returning the application to the Louisiana Supreme Court."  [Doc. 15]

### *Law and Analysis*

Petitioner claims that his writ application on direct review should be considered as timely filed under Supreme Court Rule X, §5(a) because the pleading was purportedly signed on August 30, 2007, and submitted for filing on September 4, 2007.   However, the evidence establishes beyond any doubt that petitioner's initial pleading – whether styled as an application for writs or for post-conviction relief – was returned unfiled.  Contrary to petitioner's assertion, an UNFILED pleading cannot be considered as a timely filed application for *certiorari* under Rule X, §5(a).  Having nothing filed until, at the earliest, January, 2008, his writ application was clearly untimely since, as previously noted, Supreme Court Rule X, §5(a)  provides that an application seeking review of the judgment of the court of appeal shall be filed (or postmarked) within 30 days of the issuance of the appellate court's judgment.

Therefore, as noted in the original Report and Recommendation, petitioner's judgment of conviction "... became final by ... expiration of the time for seeking [further direct]  review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on September 15, 2007.  *Compare Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review

of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court.") Furthermore, as noted in the original Report and Recommendation, petitioner did not request an extension of time from the Supreme Court, or permission to file an out-of-time writ application.

Since petitioner's judgment of conviction became final under the AEDPA on September 15, 2007, petitioner had 1-year, or until September 15, 2008, to file his federal *habeas corpus* petition. He filed an application for post-conviction relief on May 29, 2009 [Doc. 9, pp. 35-60]; however, by the time he filed that application, the one-year period of limitation established by the AEDPA had already expired, and, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

In short, the available evidence establishes that petitioner's judgment of conviction became final under the AEDPA when he failed to perfect his writ application to the Louisiana Supreme Court within the 30 day period of limitations established by Rule X. Petitioner had one year from that date, or until September 15, 2008, to file his federal petition. He cannot rely on the tolling provisions of §2244(d)(2) because by the time he filed his application for post-conviction relief, the limitations period had long expired. His federal *habeas* petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

*2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th

Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Petitioner implies that he is entitled to equitable tolling because the Supreme Court failed to set "... a time line for me to have returned the corrective writ application..." [Doc. 15] That argument is without merit. Petitioner was neither actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

### *Conclusion and Recommendation*

Therefore,

**IT IS AGAIN RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, September 10, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE