U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT - 3 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

---

| | |
|---|---|
| LARRY THOMAS, JR. | CIVIL ACTION NO. 5:12-cv-2207 |
| LA. DOC #452223 | |
| | SECTION P |
| versus | |
| | JUDGE TOM STAGG |
| WARDEN JERRY GOODWIN | MAGISTRATE JUDGE KAREN L. HAYES |

---

### MEMORANDUM RULING

Before the court is a petition for writ of habeas corpus filed by pro se petitioner, Larry Thomas, Jr. ("Thomas"), pursuant to 28 U.S.C. § 2254. See Record Document 5.  For the reasons stated in the Report and Recommendation and Supplemental Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, and considering the objections to the Report and Recommendation and Supplemental Report and Recommendation, Thomas's petition is **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND AND PROCEDURAL HISTORY

On April 26, 2013, the Magistrate Judge filed a Report and Recommendation recommending dismissal of Thomas's petition with prejudice as time-barred by 28

U.S.C. § 2244(d).  See Record Document 10.  Specifically, the magistrate's recommendation was based on Thomas's conviction and sentence becoming final on September 15, 2007, and Thomas failing to file an application for post-conviction relief until May 29, 2009, well after the one-year time statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  See id.

On May 8, 2013, Thomas filed an objection to the Report and Recommendation and provided a copy of his application for writs filed in the Louisiana Supreme Court on direct review, dated August 30, 2007.  See Record Document 11.  However, the application for writs was post-marked and mailed on January 8, 2008.  See id. Thomas was ordered to amend his petition to provide evidence establishing the date that Thomas submitted his writ application for mailing to the Supreme Court and some explanation for why his application for writs was purportedly signed on August 30, 2007, but was not mailed until January 8, 2008.  See Record Document 14.

Thomas submitted a response on August 26, 2013, which included a letter sent by the Louisiana Supreme Court's Central Staff dated November 20, 2007.  See Record Document 15.  This letter referenced a letter by Thomas dated September 4, 2007, and stated that Thomas's papers were being returned unfiled because he had not included a copy of the district court's and court of appeal's judgments.  See id. The Magistrate Judge issued a Supplemental Report and Recommendation recommending

2

that Thomas's petition be dismissed with prejudice as time-barred because his papers being returned unfiled meant that his conviction and sentence still became final on September 15, 2007.  See Record Document 16.

## II.  LAW AND ANALYSIS

### A.   Is Thomas's Petition Time-Barred?

Petitions for habeas corpus are subject to a one-year statute of limitations, which runs from the date on which the petitioner's judgment became final.  See 28 U.S.C. §2244(d)(1)(A).  Thomas's conviction and sentence were affirmed on direct appeal by the Louisiana Second Circuit Court of Appeal on August 15, 2007, and a Notice of Judgment was sent to Thomas and his attorney the same day.  See Record Document 9 at 69-80.  Thomas had thirty days following the mailing of the Notice of Judgment, until September 15, 2007, to petition to the Louisiana Supreme Court for further direct review or his conviction and sentence would become final.  See Supreme Court Rule X §5(a).  Thus, the question here is whether Thomas's writ application dated August 30, 2007, and purportedly mailed on September 4, 2007, was a timely petition for direct review under Supreme Court Rule X despite being returned unfiled.

The Louisiana Supreme Court's Central Staff letter dated November 20, 2007, clearly states that Thomas's papers were being returned "unfiled."  Thus, as of

November 20, 2007, Thomas did not have a properly filed pleading being considered by the Louisiana Supreme Court. Consequently, Thomas's conviction became final retroactive to September 15, 2007. See Mead v. Cain, No. 08-3173, 2010 WL 3488219 at *8 (E.D. La. April 21, 2010)(holding that petitioner's conviction became final when his documents were returned unfiled by the Louisiana Supreme Court Central Staff). Having failed to file a petition for direct review to the Louisiana Supreme Court, Thomas's conviction and sentence became final on September 15, 2007, and the one-year statute of limitations to file a petition for a writ of habeas corpus began to run.

Thomas filed an application for post-conviction relief on May 29, 2009. See Record Document 9 at 35-41. Unfortunately for Thomas, the one-year statute of limitations under the AEDPA expired on September 15, 2008. Thus, his petition for habeas relief is time-barred.

**B.      Is Thomas Entitled To The Doctrine Of Equitable Tolling?**

The one-year statute of limitations established by the AEDPA can, in rare circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). While Thomas has not directly objected on this basis, Thomas seems to imply that equitable tolling should apply because he mailed his pleading to the Louisiana Supreme Court before September 15, 2007, but did not receive a response informing

4

him that his pleading was deficient until November 20, 2007, and this response did

not give him any set time frame to file a corrected writ application.  See Record

Document 15.

The Fifth Circuit, when considering the applicability of equitable tolling to the

AEDPA, has consistently stated:

> The doctrine of equitable tolling preserves a plaintiff's claims when
> strict applications of the statute of limitations would be inequitable.
> Equitable tolling will be granted in rare and exceptional circumstances,
> and will not be granted if the applicant failed to diligently pursue his
> rights. Equitable tolling applies principally when the plaintiff is actively
> misled by the defendant about the cause of action or is prevented in
> some extraordinary way from asserting his rights. Ignorance of the law,
> even for an incarcerated *pro se* petitioner, generally does not excuse
> prompt filing.

Larry v. Dretke, 361 F.3d 890, 896 (5th Cir. 2004) (citations and quotations omitted).

The burden of proving that equitable tolling is warranted is carried by its proponent.

See Soriano v. Dretke, No. 03-50007, 2004 WL 239671 at *2 (5th Cir. 2004).

Thomas is not entitled to equitable tolling due to not being informed for over

two months that his application for writs was insufficient and would be returned

unfiled.  Thomas failed to include a copy of the judgments of the district court and

court of appeal as well as other required documentation.  Even if Thomas did not

know what documentation was required, no one misled Thomas or prevented him

from sending in all the required documents.  Rather, it was a mistake on his part.

Equitable tolling is therefore not warranted.

Thomas also is not entitled to equitable tolling due to the Louisiana Supreme Court's Central Staff letter of November 20, 2007, not giving him a time line in which to file a corrected application. There was no requirement that Thomas be given such a time line. Even assuming there was, once his application was returned unfiled, Thomas could no longer delay the one-year statute of limitations by filing in state court because his conviction and sentence became final as of September 15, 2007. Consequently, Thomas has no grounds to claim he is entitled to equitable tolling and his claim became time-barred on September 15, 2008.

## III. CONCLUSION

Accordingly, for the reasons stated in the Report and Recommendation and Supplemental Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, determining that the findings are correct under the applicable law, and considering the objections to the Report and Recommendation and the Supplemental Report and Recommendation in the record;

**IT IS ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred by the one-year limitation period imposed by the provisions of 28 U.S.C. § 2244(d).

A judgment consistent with the terms of this Memorandum Ruling shall issue

6

herewith.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this

_3rd_ day of October, 2004.

JUDGE TOM STAGG

7